1  ERIC GRANT
   United States Attorney
2  ROBIN TUBESING
   Assistant United States Attorney
3  2500 Tulare Street, Suite 4401
   Fresno, CA 93721
4  Telephone: (559) 497-4000
   Facsimile: (559) 497-4099
5

6  Attorneys for Plaintiff
   United States of America
7

8              IN THE UNITED STATES DISTRICT COURT

9                EASTERN DISTRICT OF CALIFORNIA

10

11 UNITED STATES OF AMERICA,           CASE NO.

12              Plaintiff,             COMPLAINT FOR CIVIL PENALTIES
                                       FOR FAILURE TO DEPART PURSUANT
13        v.                           TO AN ORDER FOR REMOVAL

14 OMAR ALEXANDER RIVAS BONILLA,       [8 U.S.C. § 1324d(a)]

15              Defendant.

16

17        The United States of America, by and through its undersigned attorney, alleges as follows:

18                                 PARTIES

19        1.     Plaintiff is the United States of America ("United States").  The United States brings this

20 action on behalf of the Department of Homeland Security as an agency of the United States.

21        2.     Defendant Omar Alexander Rivas Bonilla ("Defendant") during all relevant times is an

22 individual and noncitizen residing in the County of Fresno within this district.

23                         JURISDICTION AND VENUE

24        3.     This Court has jurisdiction under 28 U.S.C. § 1345, and venue is proper in the Eastern

25 District of California pursuant to 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1395(a).

26                            FACTUAL BACKGROUND

27        4.     Defendant is indebted to the United States for a civil penalty assessed for willfully failing

28 or refusing to leave the country during the required period to do so.

5.     The total principal amount of the civil penalty is $29,940, as of June 27, 2025.  A "Certificate of Indebtedness" is attached hereto as **Exhibit 1**.

6.     Defendant owes the civil penalty pursuant to section 274D(a) the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1324d(a).  That section provides that an alien who is subject to a final order of removal and willfully fails or refuses to depart shall pay a civil penalty.  The civil penalty is set at $998 for each day of the violation.  8 U.S.C. § 1324d(a); 8 C.F.R. § 280.53(b)(14).

7.     Defendant lives in this country illegally and is subject to removal.  On April 8, 2025, an immigration judge entered an order to remove Defendant from the country after he failed to appear at a removal hearing.  The "Order of the Immigration Judge" ("Removal Order") is attached hereto as **Exhibit 2**.

8.     The United States provided notice to Defendant of its intent to levy a civil penalty against him in the amount of $29,940 for his failure to comply with the Removal Order.  The "Notice of Intention to Fine Under the Immigration and Nationality Act" ("Notice of Intention to Fine") is attached hereto as **Exhibit 3**.  Defendant was given 30 days to object to the issuance of the civil penalty.  *Id*.

9.     The USPS tracking shows that the Notice of Intention to Fine was delivered and left with an individual at the noticed address on June 9, 2025.  The USPS slip is attached hereto as **Exhibit 4**.

10.    Defendant failed to respond to the Notice of Intention to Fine.

11.    A Final Order Imposing Penalty was issued on June 27, 2025, and assessed a civil penalty of $29,940 against Defendant.  A copy of the Final Order Imposing Penalty is attached hereto as **Exhibit 5**.

12.    On July 2, 2025, the United States made a demand for payment upon Defendant for the amount due.  A copy of the demand for payment is attached hereto as **Exhibit 6**.

13.    On July 14, 2025, the United States sent Defendant a past due notice for the amount due.  A copy of the past due notice is attached hereto as **Exhibit 7**.

### FIRST CLAIM FOR RELIEF

### [Civil Penalties for Failure to Depart – 8 U.S.C. § 1324d(a)]

14.    The United States incorporates paragraphs 1 – 13 as if fully set forth herein.

///

15.    Section 1324d(a) of Title 8 provides that "[a]ny alien subject to final order of removal who willfully fails or refuses to depart from the United States pursuant to the order shall pay a civil penalty of not more than $500 to the Commissioner for each day the alien is in violation of this section." This amount was adjusted for inflation to $998 per day pursuant to 8 C.F.R. § 280.53(b)(14).

16.    Defendant is an alien subject to a final order of removal who willfully fails or refuses to depart from the United States.

17.    The penalty covers the dates of April 9, 2025, starting the first day after entry of the Removal Order, to May 9, 2025, the date of the Notice of Intention to Fine, for a total of $29,940.

18.    Defendant is subject to a civil penalty for failure to depart under 8 U.S.C. § 1324d(a).

19.    The United States provided notice to Defendant of its intent to levy a civil penalty in the amount of $29,940, via certified/registered mail to Defendant's address, and sent a demand for payment and a past due notice.

20.    Defendant did not respond or pay the assessed penalty.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, the United States demands that:

1.    Judgment be entered against Defendant for $29,940, plus interest, penalties, costs and fees that have accrued to the date of judgment; and thereafter, interest accruing at the legal rate; and

2.    The United States be awarded such other relief as may be appropriate and just.

Dated:  September 2, 2025

ERIC GRANT
United States Attorney


By:  _/s/ ROBIN TUBESING_
     ROBIN TUBESING
     Assistant United States Attorney

# EXHIBIT 1

**Department of Homeland Security**
**U.S. Immigration & Customs Enforcement**
**Financial Service Center-Burlington**

## CERTIFICATE OF INDEBTEDNESS (COI)

I certify that the records of U.S. Immigration & Customs Enforcement (ICE) show that the debtor, **Omar Alexander Rivas Bonilla**, is indebted to the United States in the total amount of **$30,165.58**.

This debt arose from the debtor's failure to depart the United States in violation of a Final Order of Removal issued by an immigration judge on April 8, 2025.  As a result of this violation, the debtor is subject to civil penalty of $998 per day under section 274D of the Immigration and Nationality Act, 8 U.S.C. § 1324d, and 8 C.F.R. § 280.53.

ICE prepared a Notice of Intent to Fine (NIF) on May 9, 2025.  To calculate the principal fine amount, ICE multiplied $998 by 30 days, the total number of days since the Final Order of Removal.

ICE mailed the NIF to the debtor's last known address, **1290 6th St, Apt 8, Mendota, CA 93640**, on or around May 31, 2025.  ICE mailed an invoice demanding payment to this same address on or around July 2, 2025.

No payment has been made to satisfy this debt, and government databases show no record of departure for this debtor.

Interest accrues on the debt at the annual rate of 5% starting 10 days after the invoice date.  Penalty charges accrue at the annual rate of 6% starting 91 days from the invoice date.  All charges are computed under 31 U.S.C. § 3717.  The table below sets forth the total debt due as of August 26, 2025.

| | |
|---|---|
| Invoice No. | 26001755194 |
| Order Deadline to Depart | 4/8/2025 |
| Date NIF Prepared | 5/9/2025 |
| Days between Order and NIF | 30 |
| Daily Fine | $998 |
| Principal | $29,940.00 |
| Interest | $225.58 |
| Penalties | $0 |
| **TOTAL** | **$30,165.58** |

Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the foregoing is true and correct.

JOHN P MONETTE
Digitally signed by JOHN P MONETTE
Date: 2025.08.26 15:40:33 -04'00'

August 26, 2025
Date

John Monette
Branch Chief
Revenue Management Branch

# EXHIBIT 2



**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**CONCORD IMMIGRATION COURT**

| | |
|---|---|
| Respondent Name:<br><br>  RIVAS BONILLA, OMAR ALEXANDER<br><br>To:<br><br>  RIVAS BONILLA, OMAR ALEXANDER<br>  1290 6TH STREET, #8<br>  MENDOTA, CA 93640 | A-Number:<br>220014180<br>Riders:<br>In Removal Proceedings<br>Initiated by the Department of Homeland Security<br>Date:<br>04/08/2025 |

**ORDER OF THE IMMIGRATION JUDGE**

Respondent was provided written notification of the time, date, and location of Respondent's removal hearing. INA §§ 239(a)(1), (2). Respondent was also provided a written warning of the consequences under INA § 240(b)(5) that failing to appear at such hearing, other than for exceptional circumstances as defined in INA § 240(e)(1), may result in a hearing held in Respondent's absence and the issuance of an order of removal, provided the Department of Homeland Security (DHS) establishes by clear, unequivocal, and convincing evidence that Respondent is removable and that Respondent or Respondent's representative was provided written notification of the hearing as required under INA § 239(a)(1)-(2). *See* INA § 240(b)(5)(A); 8 C.F.R. § 1003.26.

Despite the written notification provided, Respondent failed to appear at the hearing, and no exceptional circumstances were shown for the failure to appear. INA § 240(e)(1). Therefore, the immigration court conducted the hearing *in absentia* pursuant to INA § 240(b)(5)(A). At this hearing, the immigration court determined that:

☐  At a prior hearing, Respondent admitted the factual allegations in the Notice to Appear and conceded removability. The immigration court finds removability established as charged.

☑  The DHS submitted documentary evidence relating to Respondent that established the truth of the factual allegations contained in the Notice to Appear. The immigration court finds removability established as charged.

☐  The Respondent, in written pleadings, admitted the factual allegations in the Notice to Appear and conceded removability. The immigration court finds removability established as charged.

☐  Other/Additional Information

The immigration court further finds that Respondent's failure to appear and proceed with any applications for relief constitutes an abandonment of any pending applications for relief or protection from removal and of any applications the respondent may have been eligible to file. Those applications are deemed abandoned and denied for lack of prosecution. *See* 8 C.F.R. § 1003.31(h); *Matter of Perez*, 19 I&N Dec. 433 (BIA 1987); *Matter of R-R*, 20 I&N Dec. 547 (BIA 1992).

**ORDER:** Respondent shall be removed to EL SALVADOR or, in the alternative, on the charge(s) contained in the Notice to Appear.

Failure to Depart: If Respondent is subject to a final order of removal and willfully fails or refuses (1) to depart from the United States pursuant to the immigration court's order, (2) to make timely application in good faith for travel or other documents necessary to depart the United States, (3) to present themselves at the time and place required for removal by the DHS, or (4) conspires to or takes any action designed to prevent or hamper their departure pursuant to the order of removal, Respondent shall be subject to a civil monetary penalty for each day Respondent is in violation, pursuant to INA§ 274D and 8 C.F.R. § 280.53(b)(14). If Respondent is removable pursuant to INA § 237(a), then Respondent shall be further fined and/or imprisoned for up to 10 years. *See* INA § 243(a)(1).



Immigration Judge: STAR, SHADEE 04/08/2025

### Certificate of Service

This document was served:

Via: [ M ] Mail | [ P ] Personal Service | [ E ] Electronic Service | [ U ] Address Unavailable

To: [ M ] Noncitizen | [ ] Noncitizen c/o custodial officer | [ E ] Noncitizen's atty/rep. | [ E ] DHS

Respondent Name : RIVAS BONILLA, OMAR ALEXANDER | A-Number : 220014180

Riders:

Date: 04/08/2025 By: ZARAGOZA, CARINA, Court Staff

# EXHIBIT 3

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

## NOTICE OF INTENTION TO FINE UNDER THE
## IMMIGRATION AND NATIONALITY ACT

File Number: A220 014 180

Penalty Tracking Number: SFR-NIF-274D-220014180

In the Matter of:   RIVAS BONILLA, Omar Alexander
Name

1290 6th Street, Apt 8, Mendota, CA 93640
Address (Number, Street, City, State, and Zip Code)

The U.S. Department of Homeland Security alleges that:

[X] You are a not a citizen or national of the United States.

It is further alleged that, under the following sections of the Immigration and Nationality Act, as amended and codified at Title 8, United States Code:

[ ] **Section 240B**

[ ] On _____ , you were permitted to depart voluntarily under Section 240 of Immigration and Nationality Act, as amended and codified at Title 8, United States Code, Section 1229c.

[ ] You voluntarily failed to depart the United States within the time period specified.

Based on the foregoing, it is charged that you violated Section 240B(d)(1) of the Immigration and Nationality Act, as amended and codified at Title 8, United States Code, Section 1229c(d)(1).

And as deemed appropriate, IT IS INTENDED that:

[ ] a civil penalty be imposed upon you in the amount of: $ _____ , pursuant to Section 240B(d)(1)(A) of the Immigration and Nationality Act, as amended and codified at Title 8, United States Code, Section 1229c(d)(1)(A); and Title 8 of the Code of Federal Regulations, Part 280.

[X] **Section 274D**

[X] On   04/08/2025   , an order of removal, for which you are subject, was made final.

[X] You willfully failed or refused to –

[X] depart from the United States pursuant to the order.

[ ] make timely application in good faith for travel or other documents necessary for departure.

[ ] present for removal at the time and place required by the Attorney General [or Secretary of Homeland Security].

[ ] You conspired to or took any action designed to prevent or hamper your departure pursuant to the order.

Based on the foregoing, it is charged that you violated Section 274D(a) of the Immigration and Nationality Act, as amended and codified at Title 8, United States Code, Section 1324d(a).

And as deemed appropriate, IT IS INTENDED that:

[X] a civil penalty be imposed upon you in the amount of: $ 29,940.00 _____ , pursuant to Section 274D(a) of the Immigration and Nationality Act, as amended and codified at Title 8, United States Code, Section 1324d(a); and Title 8 of the Code of Federal Regulations, Part 280.

ICE Form I-79 (4/25)

Page 1 of 3

☐ **Section 275**

☐ On _____, you were apprehended while entering (or attempting to enter) the United States at a time or place other than as designated by immigration officers.

Based on the foregoing, it is charged that you violated Section 275(b) of the Immigration and Nationality Act, as amended and codified at Title 8, United States Code, Section 1325(b).

And as deemed appropriate, IT IS INTENDED that:

☐ a civil penalty be imposed upon you in the amount of: $ _____ , pursuant to Section 275(b)(1) of the Immigration and Nationality Act, as amended and codified at Title 8, United States Code, Section 1325(b)(1); and Title 8 of the Code of Federal Regulations, Part 280.

☐ a civil penalty be imposed upon you in the amount of: $ _____ , twice the amount specified in Section 275(b)(1) of the Immigration and Nationality Act, as amended and codified at Title 8, United States Code, Section 1325(b)(1), because you have been previously subject to a civil penalty under this subsection, pursuant to Section 275(b)(2) of the Immigration and Nationality Act, as amended and codified at Title 8, United States Code, Section 1325(b)(2); and Title 8 of the Code of Federal Regulations, Part 280.

| R. ARCE 0710 | Digitally signed by R. ARCE 0710 Date: 2025.05.09 09:25:07 -07'00' | Detention and Deportation Officer | 05/09/2025 |
|---|---|---|---|
| Signature of Issuing Officer | | Title | Date |

## NOTICE OF RIGHTS

I.    You have the right to contest this Notice. If you desire to contest this Notice, you must:

    1.  Within 30 days from the service of this Notice, file a written defense in duplicate, under oath, setting forth the reasons why a civil penalty should not be imposed; AND

    2.  State whether a personal appearance for interview is requested; AND

    3.  Submit documentary evidence and a brief in support of any argument made, and any request for a personal interview, in person or by certified mail to the following address:

      Attn: Civil Fines 500 12th St. SW, Mailstop 5202, Rm. 11078
                       Washington, D.C. 20536

II.   You may file a request for an extension to respond to this Notice. The extension request cannot be for more than 30 days. You must file the request for an extension either in person or by certified mail to the address contained in Section I. You must set forth the reasons for your request, and an extension will only be granted upon good cause being shown. You may request a personal appearance before the Issuing Officer named above, or with any immigration officer at this location.

III.  If a written request for a personal interview or a written defense to this Notice is not received by the deadline to respond, or if the answer admits the allegations in the Notice, the ICE Deciding Official will enter an order in the case sustaining the allegations and charge(s) and no appeal from this decision may be taken pursuant to 8 C.F.R. § 280.13(a).

IV.   If you request a personal interview, the interview will be conducted pursuant to 8 C.F.R. § 280.13(b). Any evidence in opposition to the imposition of the fine may also be presented at the personal interview.

V.    After the conclusion of the personal interview or review of your written defense, if no personal interview is requested, the Issuing Officer will prepare a report summarizing the evidence and containing the findings and recommendation for the ICE Deciding Official's review. After review, the ICE Deciding Official will issue a decision in writing.

VI.   The ICE Deciding Official's decision can be appealed to the Board of Immigration Appeals as provided in 8 C.F.R. §§ 280.13(b); 1003.3(a)(2); and 1280.1(b). The notice of appeal, on Form EOIR-29, Notice of Appeal to the Board of Immigration Appeals from a Decision of a DHS Officer, must be filed with the ICE Deciding Official at the address contained in Section I, within 30 days from the service of the written decision.

VII.  You have a right to representation by counsel of your choice at no expense to the U.S. Government.

VIII. Any statement given may be used against you in these proceedings.

| CERTIFICATE OF SERVICE | |
|---|---|
| R. Arce 0710 | 05/09/2025 |
| Served by (print name) | Date served |
| R. Arce   Detention and Deportation Officer | R. ARCE 0710 Digitally signed by R. ARCE 0710 Date: 2025.05.09 09:26:11 -07'00' |
| Name and title of employee or officer | Signature of employee or officer |
| | |
| Place of service | |
| | |
| Person served (print name) | Signature of person served |
| | ☐ Refused to Sign |
| Method of Service: | |
| ☐ Personal Delivery          ☐ Delivery to Attorney | |
| ☐ Personal Delivery - Residence   ☒ Certified/Registered Mail, Return Receipt Requested | |
| | TRACKING NUMBER: 9589071052703112295972 |

# EXHIBIT 4

FC 3007083580

USPS TRACKING #

9402 9337 5002 4740 7723

FRESNO CA 936

10 JUN 2025 PM 10 L

HS-CRDS SCREENING
Notice of Correction LIC

ATTN: Civil Fines
500 12th St SW.
MailStop 5202, RM 11078
Washington, D.C. 20536

• Sender: Please print your name, address, and ZIP+4® in this box•

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

## SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

A2006'4180

SFR

Article Number *(Transfer from service label)*

9590 9402 9337 5002 4760 22

9589 0710 5270 3112 2959 72

PS Form 3811, July 2020 PSN 7530-02-000-9053

## COMPLETE THIS SECTION ON DELIVERY

A. Signature

X Omar

☐ Agent
☐ Addressee

B. Received by *(Printed Name)*

SA
☐ Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type
- ☐ Adult Signature
- ☐ Adult Signature Restricted Delivery
- ☐ Certified Mail®
- ☐ Certified Mail Restricted Delivery
- ☐ Collect on Delivery
- ☐ Collect on Delivery Restricted Delivery
- ☐ _ured Mail
- ☐ ured Mail Restricted Delivery
  er $500)

- ☐ Priority Mail Express®
- ☐ Registered Mail™
- ☐ Registered Mail Restricted Delivery
- ☐ Signature Confirmation™
- ☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

# EXHIBIT 5

U.S. DEPARTMENT OF HOMELAND SECURITY
U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT

FINAL ORDER IMPOSING PENALTY UNDER INA § 275(b) IMPROPER ENTRY BY ALIEN
§ 240B FAILURE TO DEPART VOLUNTARILY, § 274D FAILURE TO COMPLY WITH FINAL ORDER OF
REMOVAL

In the Matter of: ___220014180___    ___RIVAL BONILLA, Omar Alexander___, Respondent
                  A-Number              Alien Name

___1260 6th Street, Apt. 8, Mendota, CA 93640___    ___SFR___ – ___NIF___ – ___274D___ – ___220014180___
Alien Mailing Address                                Penalty Tracking Number

---

**§275(b) – Improper Entry by Alien**

On _____, a Form I-79, Notice of Intention to Fine was served upon the alien stating the allegations and charge, and the civil monetary penalty amount to be imposed, you were apprehended (or attempting to enter) the United States at a time and place other than as designated by immigration officers.

**§240B – Failure to Voluntarily Depart**

On _____, a Form I-79, Notice of Intention to Fine was served upon the alien stating the allegations and charge, and the civil monetary penalty amount to be imposed upon the alien for failure to voluntarily depart the United States within the time specified in an order permitting voluntary departure.

**§274D – Failure or Refusing to Comply with a Final Order**

On ___05/28/2025___, a Form I-79, Notice of Intention to Fine was served upon the alien stating the allegations and charge, and the civil monetary penalty amount to be imposed upon the alien for willfully failing or refusing to comply with a final order of removal.

On the Form I-79, Notice of Intention to Fine, the alien was advised of their right to contest the civil monetary penalty by, within 30 days from service of the Notice of Intention to Fine, submitting a written defense in duplicate, under oath, setting forth the reasons why a civil monetary penalty should not be imposed, and stating whether a personal appearance for interview is desired.

In response to the Form I-79, Notice of Intention to Fine, the alien:

☐ Filed an answer admitting the allegations in the Form I-79, Notice of Intention to Fine.

☑ Did not file an answer within 30 days following the service of the Form I-79, Notice of Intention to Fine.

Pursuant to 8 C.F.R. § 280.13(a), the allegations and charge are **SUSTAINED**.

As deemed appropriate, it is ordered that a civil monetary penalty be imposed upon the alien in the amount of:

$_____ pursuant to section **275(b)** of the Immigration and Nationality Act, 8 U.S.C. § 1325(b).

$_____ pursuant to section **240B(d)** of the Immigration and Nationality Act, 8 U.S.C. § 1229c(d).

$ 29,940.00 pursuant to section **274D(a)** of the Immigration and Nationality Act, 8 U.S.C. § 1324d(a).

No appeal from this decision may be taken. 8 C.F.R. § 280.13(a). DHS will issue an invoice and instructions for payment of the imposed civil monetary penalty.

---

Brian Peterson
_____          _____          Peterson, 3951  Digitally signed by Peterson, 3951
Deciding Official Name             Supervisory Detention & Deportation Officer                    Date: 2025.06.28 12:45:38 -07'00'
                                   Deciding Official Title              Deciding Official Signature and Date

# EXHIBIT 6

U.S. Department of Homeland Security
U.S. Immigration & Customs Enforcement
Final Order Removal
PO Box 19438
Springfield, IL 62794-9438

RETURN SERVICE REQUESTED

Omar Alexander RIVAS BONILLA
1260 6TH ST APT 8
MENDOTA CA 93640



## INVOICE
**Centralized Receivables Service**
CRS INVOICE NUMBER:      26001755194
AGENCY REFERENCE:        SFRNIF274D220014180
INVOICE DATE:            07/02/2025

| DESCRIPTION |
| --- |
| Civil penalties are being imposed under the Immigration and Nationality Act due to your failure to timely depart the U.S. following a final removal order. Notwithstanding any timeframes specified in this letter, if you fail to pay the full amount on or before the deadline listed below, the Department of Justice may initiate legal proceedings against you at any time. However, you can avoid payment if you voluntarily depart the United States immediately. See Additional Notifications page. |

| TOTAL AMOUNT DUE ON OR BEFORE 07/12/2025 | $29,940.00 |
| --- | --- |

Payment in full is due now. If you have any questions concerning this invoice, contact the Centralized Receivables Service (CRS) at 1-888-576-0663. The Centralized Receivables Service is a service provided by the U.S. Department of the Treasury to Federal agencies to assist in the management of accounts receivables.

Federal agencies are generally required to assess interest, administrative costs and penalties on past due amounts. Interest accrues at the annual rate of 5% on any amount outstanding from the Invoice Date. Administrative costs include processing and handling of unpaid balances. A penalty will be assessed at the annual rate of 6% on any amount outstanding after 91 days from the Invoice Date. You can avoid assessment of any charges, if we receive payment for the above amount on or before 07/12/2025.

If you fail to pay the full amount within 60 days from the date of this invoice, the Centralized Receivable Service will refer your debt(s) to the U.S. Department of the Treasury's Cross-Servicing program for collection, at which time additional administrative costs that may exceed 32% will be added to your debt(s). Administrative costs may change in the future without notice. In addition, Treasury may take any or all of the following actions:

- Reduce any eligible Federal and State payments due to you.
- Refer your debt(s) to a private collection agency.
- Refer your debt(s) to the U.S. Department of Justice to initiate litigation.
- Report the indebtedness to national credit bureaus.
- Report your debt(s) to the IRS as potential income.

You have the right to inspect and copy records related to this invoice and request a review of the determination of the amount due. You also have the right to enter into a reasonable repayment agreement that is acceptable to the agency.

If additional rights and notifications apply to you, you will find a reference page immediately following this Invoice. Unless otherwise specified in the attached reference page, if you wish to exercise any of your rights, we must receive your request on or before 30 days from the date of this Invoice.

Questions or requests to exercise any of your rights should be directed to the Centralized Receivables Service at 1-888-576-0663, or in writing at the following address:

U.S. Department of Homeland Security
U.S. Immigration & Customs Enforcement
Final Order Removal
PO Box 19296
Springfield IL 62794-9296

Your prompt attention to this matter is appreciated.

CRS Payment Servicing Specialist
1-888-576-0663

**Please see the PAYMENT OPTIONS page.**
**Thank you for your timely payment!**

FIVINVDP-0701-2200131261-00406-406

# ADDITIONAL NOTIFICATIONS OF YOUR RIGHTS

**Denial of Future Federal Loans and Privileges:** If your delinquent debt with the United States government is reported to a credit bureau, your credit rating could be adversely affected. In addition, delinquency is a bar to obtaining Federal loans and other privileges. Except in limited circumstances, Federal agencies and their lenders are prohibited from approving your application for Federal direct, insured, or guaranteed loans until you resolve your outstanding delinquent debt.

**Bankruptcy:** If you have filed a petition for bankruptcy and the automatic bankruptcy stay is in effect, please notify the Centralized Receivables Service so that collection efforts on your account can be terminated. Please notify us of the stay by sending a copy of your filed and approved bankruptcy petition to:

U.S. Department of Homeland Security
U.S. Immigration & Customs Enforcement
Final Order Removal
PO Box 19296
Springfield IL 62794-9296

**Litigation and Other Remedies:** Notwithstanding any timeframes specified in this letter, the United States reserves its right to pursue any and all collection remedies at any time, to the extent permissible by law, including enforcement through litigation. If the Department of Justice has filed a lawsuit, the applicable rules of civil procedure will govern the rights and defenses afforded in that matter. However, you can avoid payment if you voluntarily depart the United States immediately. If you confirm your departure with U.S. Immigration and Customs Enforcement, or through the CBP Home mobile application, prior to the due date of this invoice, the government will waive the fines you have incurred.

# PAYMENT OPTIONS

**You have the following options to make full payment of the amount due:**

**Payment by Internet:** Make an on-line payment 24 hours a day/7 days a week using your checking/savings account or card at the CRS Invoice Payment Portal: https://crsportal.fiscal.treasury.gov/

CRS Invoice Number: 26001755194
Zip Code: 93640



*Contact CRS at 1-888-576-0663 if you require assistance in making payment.

**Payment by Phone:** Make a payment by calling 1-888-576-0663 between the hours of 8 AM and 8 PM Eastern Time, Monday through Friday, excluding Holidays. Please have your checking/savings account or card information available before calling.

**Contact the Centralized Receivables Service at 1-888-576-0663**
with any questions about this invoice or available payment options.

EXHIBIT 7

U.S. Department of Homeland Security
U.S. Immigration & Customs Enforcement
Final Order Removal
PO Box 19438
Springfield, IL 62794-9438

RETURN SERVICE REQUESTED

Omar Alexander RIVAS BONILLA
1260 6TH ST APT 8
MENDOTA CA 93640



## PAST DUE NOTICE

**Centralized Receivables Service**

| | |
|---|---|
| CRS INVOICE NUMBER: | 26001755194 |
| AGENCY REFERENCE: | SFRNIF274D220014180 |
| INVOICE DATE: | 07/02/2025 |
| DATE OF THIS NOTICE: | 07/14/2025 |
| AMOUNT DUE: | $29,940.00 |

Please disregard this notice if you have already paid your debt(s) in full or contacted Centralized Receivables Service (CRS) and made other payment arrangements.

According to our records, you have not paid your debt(s) owed to the U.S. Department of Homeland Security. Payment is past due, and the total amount due as of the date of this notice is $29,940.00.  This includes principal and accrued interest, administrative costs, and penalties if applicable.

Principal balance:  $29,940.00
**Total amount due:  $29,940.00**

Civil penalties are being imposed under the Immigration and Nationality Act due to your failure to timely depart the U.S. following a final removal order. Notwithstanding any timeframes specified in this letter, if you fail to pay the full amount on or before the deadline listed below, the Department of Justice may initiate legal proceedings against you at any time. However, you can avoid payment if you voluntarily depart the United States immediately. See Additional Notifications page.

Federal agencies are generally required to assess interest, administrative costs and penalties on past due amounts. Interest accrues at the annual rate of 5% on any amount outstanding from the Invoice Date. Administrative costs include processing and handling of unpaid balances. A penalty will be assessed at the annual rate of 6% on any amount outstanding after 91 days from the Invoice Date. You can avoid further assessment of any charges if we receive payment for the total amount due immediately.

Your Invoice, dated 07/02/2025, previously notified you of the additional collection actions that may be taken against you if you fail to pay the full amount within 60 days from the date of the Invoice.  In addition, we previously notified you of all your rights with respect to the amount owed. Unless otherwise specified in the prior notice, if you wish to exercise any of your rights, we must receive your request on or before 60 days from the date of this notice.

Questions or requests to exercise any of your rights should be directed to the Centralized Receivables Service at 1-888-576-0663, or by writing to the following address:

U.S. Department of Homeland Security
U.S. Immigration & Customs Enforcement
Final Order Removal
PO Box 19296
Springfield, IL 62794-9296

Your prompt attention to this matter is appreciated.

CRS Payment Servicing Specialist
1-888-576-0663

**Please see your payment options on the
PAYMENT OPTIONS page.**

FIVPD-0714-2203703152-01124-1124

**PAYMENT OPTIONS**

**You have the following options to make full payment of the amount due:**

**Payment by Internet:** Make an on-line payment 24 hours a day/7 days a week using your checking/savings account or card at the CRS Invoice Payment Portal: https://crsportal.fiscal.treasury.gov/

CRS Invoice Number: 26001755194
Zip Code: 93640



*Contact CRS at 1-888-576-0663 if you require assistance in making payment.

**Payment by Phone:** Make a payment by calling 1-888-576-0663 between the hours of 8 AM and 8 PM Eastern Time, Monday through Friday, excluding Holidays. Please have your checking/savings account or card information available before calling.

**Contact the Centralized Receivables Service at 1-888-576-0663**
with any questions about this invoice or available payment options.